35 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kirk Douglas LEAPHART, Plaintiff-Appellant,
v.
Larry DONOVAN; Duane Cory, Defendants-Appellees.
 No. 94-1136.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1994.
 
 Before: MARTIN and SUHRHEINRICH, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Kirk Douglas Leaphart, pro se, appeals a district court opinion and order granting the defendants' motion for summary judgment. Leaphart filed his complaint pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Leaphart sued the Deputy Warden and Assistant Deputy Warden at the Riverside Correctional Facility in Ionia, Michigan. He accused the defendants of transferring him out of Riverside in retaliation for his filing other lawsuits against other Michigan prison officials and, in the process, violating prison policy PD-BCF-34.01. Specifically, Leaphart argued that this policy required approval by the Deputy Director of the Correctional Facilities Administration (BCF) or a designee before he could be transferred and that the two defendants did not obtain such approval before transferring him to the State Prison of Southern Michigan (SPSM) in April of 1992.
 
 
 3
 The matter was referred to a magistrate judge, who first found no inherent right within the Constitution upon which Leaphart's claim could be based. The magistrate judge also found that state administrative law, read together with the prison policy, did not require approval by the Deputy Director or by a designee, before Leaphart's transfer. Lastly, the magistrate judge found that Leaphart failed to meet his burden of establishing that the defendants' routine transfer was motivated by a desire to retaliate against Leaphart for other civil actions he had filed. The district court adopted the report and recommendation, granting the defendants' motion for summary judgment.
 
 
 4
 The relevant issues that Leaphart presents are: 1) whether Leaphart had a liberty interest in obtaining the approval of the deputy director, BCF, or designee, before being transferred from Riverside to SPSM; 2) if such liberty interest existed, whether Leaphart was denied due process by the officials' failure to comply with prison policy directive PD-BCF-34.01; and 3) whether the defendants were retaliating against Leaphart when they ordered his transfer because of civil lawsuits he filed against other prison officials. Leaphart has also filed a motion to proceed in forma pauperis and a motion to remand the case for further proceedings.
 
 
 5
 This court's review of a grant of summary judgment is de novo, using the same test as used by the district court. Deaton v. Montgomery County, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993).
 
 
 6
 This court concludes that the magistrate judge properly found no inherent right under the Constitution for a prisoner to be housed in any particular institution. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Hewitt v. Helms, 459 U.S. 460, 468 (1983). Secondly, this court concludes that the magistrate judge was correct in finding that Leaphart's prior transfer order did not trigger the section of prison policy PD-BCF-34.01 requiring approval by a BCF official or designee before Leaphart could subsequently be transferred to another facility within the Michigan prison system. Third, a review of the state regulations and prison policy, although containing the mandatory words of "shall not," does not establish "substantive predicates" to govern the prison officials' decisionmaking, mandating an outcome to be reached upon a finding that the relevant criteria have been met, in order to create a protectable liberty interest under Sec. 1983. Hewitt, 459 U.S. at 471; Pusey v. City of Youngstown, 11 F.3d 652, 656 (6th Cir.1993) (quoting Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989), cert. denied, 114 S.Ct. 2742 (1994)); Hansard v. Barrett, 980 F.2d 1059, 1062 (6th Cir.1992).
 
 
 7
 Leaphart's bare allegations that the defendants were motivated by an effort to retaliate against him for his efforts to redress grievances against other prison officials are not supported by the record and do not create a genuine issue of material fact in order to defeat the defendants' motion for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). Leaphart's motion to proceed in forma pauperis has been rendered moot by the district court's certification that an appeal of his complaint would be taken in good faith. A review of his motion to remand reveals that the motion is supported by a repetition of Leaphart's substantive arguments underlying his complaint.
 
 
 8
 Accordingly, Leaphart's motions are denied and the district court's judgment granting the defendants' motion for summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.